# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| LILI GENG, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:20-cv-02818-JPM-cgc |
| v. ) | |
| ) | |
| UT MEDICAL GROUP, INC. d/b/a ) | |
| UNIVERSITY CLINICAL HEALTH, ) | |
| ) | |
| Defendant. | |

## THIRD AMENDED SCHEDULING ORDER FOLLOWING STATUS/SCHEDULING CONFERENCE

On November 2, 2021, the Court held a Status/Scheduling Conference to reset deadlines in light of Plaintiff's intention to withdraw settlement in this case. (See ECF No. 64.) At the Conference, it was established as undisputed that Plaintiff signed an initial term sheet but did not sign the final settlement agreement. It is also undisputed that Plaintiff is not seeking reinstatement of her position with Defendant and is currently employed in Ohio. The description of the case set out in the Amended Scheduling Order (ECF No. 37) is incorporated herein as if stated verbatim. At the November 2, 2021 Status/Scheduling Conference, the following dates were established as the final deadlines for:

**MOTION TO ENFORCE SETTLEMENT AGREEMENT**: November 10, 2021

**RESPONSE TO MOTION TO ENFORCE SETTLEMENT AGREEMENT**: November 24, 2021

**REPLY TO RESPONSE TO MOTION**: December 6, 2021

**HEARING ON MOTION TO ENFORCE SETTLEMENT AGREEMENT**: December 16, 2021 at 10:00 a.m. (Zoom)

**COMPLETING ALL DISCOVERY EXCEPT FOR EXPERT DEPOSITIONS**: January 14, 2022

**(a)**     **WRITTEN DISCOVERY**: September 3, 2021 (complete)
**(b)**     **DEPOSITIONS**: January 14, 2022

1

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)**:

(a) **DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF) RULE 26(a)(2) EXPERT INFORMATION: December 14, 2021**

(b) **DISCLOSURE OF DEFENDANT'S (OR OPPOSING PARTY) RULE 26(a)(2) EXPERT INFORMATION**: **January 14, 2022**

(c) **EXPERT WITNESS DEPOSITIONS**: **February 18, 2022**

**MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS**: **March 4, 2022**

**SUPPLEMENTATION UNDER RULE 26(e)(1)**: **February 18, 2022**

**FILING RULE 56 DISPOSITIVE MOTIONS**: **March 4, 2022**

**RESPONSES TO RULE 56 DISPOSITIVE MOTIONS**: **April 4, 2022**

**TRIAL**:

1. The **jury trial** in this matter, which is anticipated to last **4-5** days, is set to begin on **June 13, 2022 at 9:30 a.m.** in a courtroom to be designated by the District Court courtroom sharing plan.

2. A **pretrial conference** is set for **June 3, 2022 at 10:30 a.m**.

3. The **joint proposed pretrial order, proposed verdict form, proposed jury instructions, proposed voir dire questions, and motions in limine** are due by no later than **4:30 p.m. on May 25, 2022**.

**OTHER RELEVANT MATTERS**:

No depositions may be scheduled to occur after the discovery deadline.  All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service

The parties may engage in ADR at their discretion by the ADR deadline.  If any party determines that mediation is unlikely to be successful, would not be cost effective, or is a procedure in which they do not wish to engage, they may file a Notice of Intent not to engage in

mediation. Upon such notice, the mediation shall be cancelled. Pursuant to Local Rule 16.2(d), if the parties choose to engage in mediation, within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

The parties do not consent to trial before the Magistrate Judge.

Absent good cause shown, the deadlines set by this order will not be modified or extended.

**SO ORDERED**, this 3rd day of November, 2021.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE